```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                             EASTERN DIVISION


M. GAEHWILER CONSTRUCTION CO.,
INC.,

          Plaintiff,

     vs.                              Civil Action 2:04-CV-356
                                      Judge Graham
                                      Magistrate Judge King


HARDWOODS OF YESTERYEAR, LLC,

          Defendant.
```

**REPORT AND RECOMMENDATION**

In the complaint, filed on May 6, 2004, plaintiff alleges that defendant acted in breach of a contract for the purchase and sale of various wood products.  The complaint alleges that defendant agreed to ship the wood to plaintiff no later than November 4, 2003, and that plaintiff made deposit payments in excess of $23,000.00.  *Complaint,* ¶¶8-9.  When the delivery did not arrive on the promised date, defendant assured plaintiff that the shipment was in transit.  *Id.,* ¶¶10-11.  Based on that representation, defendant made its final payment of approximately $53,000.  *Id.,* ¶12.  The shipment finally arrived long after both the original and revised delivery dates.  *Id.,* ¶14.  Moreover, the shipment was infested with live, wood-boring insects, *Id.,* ¶16, thus rendering it unsuitable for its intended purpose.  Defendant, it is alleged, refused to take possession of the order and has refused to issue a refund of the contract price.  *Id.,* ¶21.

A summons was issued in August 2004 for service on defendant's statutory agent.  Doc. No. 10.  The summons was returned executed on August 15, 2004. Doc. No. 12.  No answer was ever filed and, on November 4, 2004, the fact of defendant's default was entered upon plaintiff's

motion. Doc. No. 16. Plaintiff filed a motion for default judgment on January 17, 2005. Doc. No. 17. On January 21, 2005, the Clerk of this Court entered judgment against defendant in the amount of $65,339.58, together with prejudgment interest and costs. Doc. No. 18.

This matter is now before the Court on defendant's March 24, 2005, motion to set aside that default judgment. Doc. No. 20.

**1. Standard**

Rule 55 of the Federal Rules of Civil Procedure provides:

> For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

F.R. Civ. P. 55(c). Thus, while an entry of default under Rule 55(a) may be set aside "for 'good cause shown,'" once default judgment has been entered it can be set aside only "under the stricter Rule 60(b) standards for setting aside final, appealable orders." *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194 (6th Cir. 1986). *See also Waifersong, Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992); *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391 (6th Cir. 1987). The decision whether to grant or deny a motion for relief from judgment under Rule 60(b) is committed to the exercise of the Court's discretion. *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir. 1993).

The resolution of a motion under Rule 60(b) to set aside judgment is determined by consideration of the following three factors:

> (1) whether culpable behavior of the defendant lead to the default;
>
> (2) whether the plaintiff will be prejudiced; and
>
> (3) whether the defendant has a meritorious defense.

*Waifersong Limited, Inc., supra,* 976 F.2d at 292; *Amer. National Industries, Inc. v. Action-Tungsram, Inc., supra,* 925 F.2d 970; *INVST Financial Group, Inc., supra,* 815 F.2d 391; *United Coin Meter Co. v. Seaboard Sea RR.,* 705 F.2d at 839, 845 (6th Cir. 1983).

Defendant filed its motion under Rule 60(b), without specifying which of the six enumerated bases for relief from judgment authorized by Rule 60(b) is applicable. The Court concludes that the motion is properly resolved by reference to the standards of Rule 60(b)(1), which authorizes relief for "mistake, inadvertence, surprise, or excusable neglect." It is only when the defendant can demonstrate that its failure to respond to the complaint was the result of mistake, inadvertence, surprise or excusable neglect that it "will be permitted to demonstrate that [it] can also satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted." *Waifersong, supra,* at 292.

**2. Application**

In support of the motion to set aside the default, defendant has attached the affidavit of its authorized representative, Christy Laurin, who acknowledges that she received a copy of the complaint and the summons from the defendant's statutory agent. *Affidavit of Christy Laurin,* ¶1, attached as *Exhibit A* to *Motion to Set Aside Default Judgment.* Ms. Laurin contacted an attorney, Regina Quinn, who assured Ms. Laurin that she would file a response to the complaint. *Id.,* ¶2. Over the course of the ensuing several months, Ms. Laurin was preoccupied with the final illness and death of her mother, who died in October

2004. *Id.,* ¶4.  Although she heard nothing from attorney Quinn, Ms. Laurin made no further inquiry.  She states that she received a notice of garnishment in February 2005, which was her first notice that judgment had been entered against defendant.  *Id.,* ¶5.  Her attempts to contact Ms. Quinn were unsuccessful.  *Id.*  Ms. Laurin also states in her affidavit, but without any supporting facts, "There is a good and meritorious defense to the complaint filed by the plaintiff in this case. ..."  *Id.,* ¶6.

Also submitted in conjunction with the motion to set aside judgment is the affidavit of defendant's current counsel, who also represents that he was unsuccessful in contacting Ms. Quinn.  *Affidavit of John W. Aebi*, ¶2, attached as *Exhibit B* to *Motion to Set Aside Default Judgment.*  He, too, avers that defendant "has a good and meritorious defense to the complaint," *Id.,* ¶4, but he too fails to make any factual allegations in support of that assertion.

Defendant, through the affidavit of Ms. Laurin, concedes that it received the complaint and summons served in this action on its statutory agent.  Significantly, the record also indicates that copies of the motions for entry of default and for default judgment were served on the same statutory agent.  Doc. Nos. 15, 17.  It is therefore reasonable to assume that Ms. Laurin also received a copy of these motions, and her affidavit does not dispute that assumption.

Instead, defendant contends that the entry of default judgment against it was exclusively a function of its attorney's failure to file a response to the complaint.  However, legal malpractice does not constitute inadvertence, mistake, surprise, or excusable neglect within the meaning of Rule 60(b)(1).  "[O]ut-and-out lawyer blunders -- the type of action or inaction that leads to successful malpractice suits by

4

the injured client -- do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 594 (6th Cir. 2002)(quoting *Helm v. Resolution Trust Corp.,* 161 F.R.D. 347, 348 (N.D. Ill. 1995), *aff'd,* 84 F.3d 874 (7th Cir. 1996)). *See also FHC Equities, LLC v. MBL Life Assurance Corp.,* 188 F.3d 678, 684 (6th Cir. 1999).

The Court therefore concludes that defendant has not established the first element of its burden under F.R. Civ. P. 60(b)(1), *i.e.,* that it is free of culpable conduct leading to the entry of default judgment.

In any event, the Court also concludes that defendant has wholly failed to establish that it has a meritorious defense, as required by *Waifersong,* 976 F.2d at 292. Both Ms. Laurin and defendant's current counsel state, in conclusory fashion, that defendant has a meritorious defense to plaintiff's action; neither, however, articulates any facts in support of this conclusory assertion. Although consideration of this factor does not require that defendant establish the likelihood of success of the defense, nevertheless, the Court must determine whether the proposed defense "contains 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." *INVST, supra,* 815 F.2d at 399 (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 374 (D.C. Cir. 1980)). Even this liberal standard does not permit a defendant "to merely deny the plaintiff's allegations, however." *Smith v. Commissioner,* 926 F.2d 1420, 1480 (6th Cir. 1991). Defendant has wholly failed to articulate any possible defense which, if proven, would defeat the plaintiff's claims asserted in this action. For this reason, too, defendant's motion to set aside the default judgment must fail.

It is therefore **RECOMMENDED** that defendant's motion to set aside the default judgment entered in this action be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

May 18, 2005                                         *s/Norah McCann King*
                                                     Norah M<sup>c</sup>Cann King
                                                     United States Magistrate Judge